## HARRIDEN GIFFORD *vs.* NAAMAN L. WHITE.

The penalty for firing. crackers contrary to Rev. Sts. *c.* 58, § 6 is by *St.* 1839, *c.* 135, vested in the commonwealth, and not in the town where the offence is committed; and any justice of the peace, although residing in such town, has juris· diction of such offence.

TRESPASS and false imprisonment against the defendant, a justice of the peace for the county of Norfolk. It was submitted to the court of common pleas, and by appeal to this court on the following facts:

The defendant, as a justice of the peace, residing in Braintree, convicted the plaintiff of firing crackers in said Braintree in violation of Rev. Sts. *c.* 58, § 6, and fined him two dollars to the use of the commonwealth. The plaintiff appealed to the court of common pleas, where the proceedings were quashed because the defendant had not jurisdiction, being an inhabitant and tax payer in the town of Braintree, and, as was contended, interested in the penalty prescribed for said offence. On these facts *Hoar*, J. rendered judgment for the defendant, and the plaintiff appealed to this court.

This case was decided at the October term, 1851.

*F. A. Kingsbury*, for the plaintiff.

*N. L. White*, for himself.

BY THE COURT. The penalty imposed for the offence of which the plaintiff was convicted by the defendant, acting in his capacity as a magistrate, was originally given to the use of the town in which the offence was committed. Rev. Sts. *c.* 58, § 6. If this provision had remained in force, it is clear that the defendant could not legally have taken cognizance of the complaint against the plaintiff. Being an inhabitant of Braintree, he would then have been interested in the result of the prosecution; and this interest, however minute, would have taken away his jurisdiction of the charge against the plaintiff. *Pearce* v. *Atwood*, 13 Mass. 324. But the provision of the statute, which appropriated the forfeiture in such cases to the use of the town, was repealed by *St.* 1839, *c.* 135, by which it was enacted that "fines recovered in all prosecutions

of which the costs are paid by the commonwealth, shall be paid into the treasury of the commonwealth." The complaint against the defendant clearly came within this provision, because it was properly prosecuted in behalf of the commonwealth by a complaint before a magistrate; Rev. Sts. *c.* 133, § 14; and, not being for a violation of a by-law of a town, it was a case in which the costs were to be paid out of the treasury of the commonwealth under Rev. Sts. *c.* 141, § 1.

*Judgment for the defendant.*